UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br> Plaintiff, <br> v. <br> IGNACIO BERMUDEZ, <br> Defendant. | Case No. 14-cv-03925-VC <br><br> **ORDER GRANTING DEFAULT JUDGMENT** <br> Re: Docket No. 20 |

J & J Sports Production, Inc. has sued the defendant, for unlawfully intercepting and broadcasting a boxing match for which J & J Sports owned the television distribution rights. Default was entered on February 3, 2015. J & J Sports now moves for a default judgment against the defendant pursuant to Federal Rule of Civil Procedure 55(b)(2).

The factors set forth by the Ninth Circuit in *Eitel v. McCool*, 782 F.2d 1470, 1471-92 (9th Cir. 1986), weigh in favor of entering a default judgment. First, because default has been entered, J & J Sports' factual allegations are accepted as true, except for those relating to the amount of damages. Second, if the motion were denied, J & J Sports would be without a remedy and would be prejudiced. Third, the amount of money at stake is moderate. Fourth, default was not the result of excusable neglect. The defendant was properly served and has not appeared in this case. *See* Docket No. 14.

**Conversion**

Taken as true, J & J Sports' factual allegations support a conversion claim: (1) J & J Sports purchased licensing rights to the program at issue, (2) the defendant did not have the right to broadcast it, and (3) the defendant's establishment has a capacity of approximately 65 people, so it would have been required to pay $2,200 for a subleasing agreement. Accordingly, J & J Sports is entitled to damages for conversion and is awarded $2,200 for this claim.

**Statutory Damages**

J & J Sports also seeks damages under Section 605, but damages are more appropriate under Section 553 in this case. Section 605 prohibits "radio" or satellite interception, while Section 553 prohibits cable interception. *See* 47 U.S.C. §§ 605, 553. It also provides for higher penalties than Section 553. J & J Sports does not provide any evidence that the defendant transmitted the program via satellite, and its investigator did not state that she saw a satellite dish on the property. *See* Declaration of Affiant, Yolanda Poblete. Accordingly, the Court will apply Section 553. *See J & J Sports Prod., Inc. v. Sergura*, 2014 WL 1618577, at *4 (N.D. Cal. April 21, 2014) (applying Section 553, rather than Section 605, where the plaintiff's investigator did not state whether the broadcast was transmitted via satellite dish or cable box); *J & J Sports Prod., Inc. v. Concepcion*, 2011 WL 2220101, at *4 (N.D. Cal. June 7, 2011) (same).

Under Section 553, a court may award up to $60,000 in statutory damages. 47 U.S.C. § 553(c)(3)(A)(ii) and (c)(3)(B). In this case, the defendant was showing the program on eight televisions, including a large projection screen, a 60 inch screen, and other screens of approximately 32 inches. There were approximately 28-35 patrons present. The defendant also required a minimum purchase of either a $20 food order or $50 bucket of beer to enter. *See* Declaration of Affiant, Yolanda Poblete. Based on this, the Court finds that a higher damages award is merited compared to the cases J & J Sports commonly brings in this Court. *See, e.g., J & J Sports Prod., Inc. v. Gonzalez*, Case No. 14-cv-0392 (N.D. Cal. April 23, 2015); *J & J Sports Prod., Inc. v. Phair*, Case No. 12-cv-05781 (N.D. Cal. June 27, 2014). The Court finds that an award of $3,500 is sufficient to deter future violations by the defendant and to compensate the plaintiff.

Accordingly, J & J Sports is awarded $5,700 in total damages.

**IT IS SO ORDERED.**

Dated: April 23, 2015

VINCE CHHABRIA
United States District Judge